Augustine DUBE, et al., Plaintiffs,

v.

EAGLE GLOBAL LOGISTICS,
Defendant.

No. CIV.A. H–01–900.

United States District Court,
S.D. Texas.

Oct. 30, 2001.

Marian S. Rosen, Houston, TX, Daniel Guttman, Washington, DC, for plaintiffs.

Bruce V. Griffiths, Houston, TX, for Intervenor-plaintiff.

Nancy L. Patterson, Houston, TX, for Defendant.

Opinion on Class Non–Certification

HUGHES, District Judge.

1. *Introduction.*

The plaintiffs have reurged their motion to certify a class. Government intervention in the proceeding and the particular nature of the individual claims makes class treatment wrong. The motion will be denied.

### 2. *Background.*

Eagle has been the subject of EEOC inquiries since 1998. In May 2000, Dube and seven other plaintiffs, one of whom has been referred to arbitration, sued Eagle for sex and race discrimination. The commission intervened, and a consent decree between Eagle and the commission was entered on October 1, 2001. Complaining that the consent decree is invalid, the lawyers for Dube ask for certification of a class of people—individuals from across the country who applied to work, have worked, or are working for Eagle, overseen by any of dozens of supervisors at sites across the nation—against whom Eagle may have discriminated.

### 3. *"Class" Interests Protected.*

■ The commission intervened in this suit and reached a settlement with Eagle covering every person against whom Eagle may have discriminated. The law allows the commission to sue or intervene against employers so that individual plaintiffs who did not seek some sort of particularized relief could avoid the complication and burden of litigation; a worker who wants a particularized ruling is free to pursue her personal claims. *See General Tel. Co. of the Northwest v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

When the commission intervenes and reaches a settlement with a defendant, it may do it as the representative of all the interests opposed to discrimination, including those of potential plaintiff classes. That is what it did here. Where the commission has specified particular sub-groups of claimants in the settlement, "class" interests have been accounted for.

### 4. *Class Treatment.*

■ To prevail on a discrimination claim, a plaintiff must show that an employer motivated by race or sex took a specific employment action against him. An employer who fires a black employee because of his skin might fire another black employee only because he is performing below company standards; the second worker has no claim of discrimination because his firing was not motivated by racial hostility. Each plaintiff must demonstrate a concrete, individual harm that came about because of race or sex.

■ The need for personalized showings increases when plaintiffs seek compensatory and punitive damages; these are calculated based on individual factors like lost work opportunities and egregiousness of the employer's action against that worker. Certification of a class under these circumstances would lead not only to aggregated findings of liability, but to aggregated determinations of damages where no plaintiff is certain of the amount he may recover. It is difficult enough to try claims of plant-wide discrimination involving several dozen employees at one location; spreading the inquiry to thousands of employees at dozens of job sites tends rapidly to the unmanageable. The determination of individual claims outweighs the lawyers' hazy assertion of some formless injustice washing over a putative class of injureds. *See Allison v. Citgo Petroleum Corp.,* 151 F.3d 402 (5th Cir.1998).

■ The plaintiffs urge the court to certify as a class every person who ever worked for or applied to Eagle since January 1, 1994, who is not a white or Asian male. This is not a class; it is a posture. Hispanic women may have denied promotions to black men; black women may have been hired in lieu of white women; black men may have gotten pay raises denied to Hispanic women. The putative class in no way deals with these possibilities; it postulates a monolith of uniform discrimination at the hands of the Eagle employment hierarchy nationwide. This very conception of the case demonstrates these lawyers' goal of class certification in a vacuum.

The plaintiffs earlier asserted that commission intervention would take care of potential class claims—that the commission would be "pursuing relief on behalf of the very same protected classes now before [the court]." Plaintiffs' reply in support of class certification at 1. The plaintiffs have not explained why class certification remains necessary after the commission's settlement with Eagle. They have also not shown why their boundless class universe is preferable to the multiclass claimant breakdown in the consent de-

cree categorizing claimants by the type of discrimination they suffered.

### 5. *Class v. Institutional Relief.*

The "class" problem asserted by the plaintiffs is not a claim for damages; it is a claim for institutional reform. Eagle's broad practices and ingrained company employment traditions are challenged. The consent decree between Eagle and the EEOC deals with these institutional concerns and addresses individual claims that may arise in the future.

The consent decree restructures Eagle's hiring practices. It is a forward-looking agreement that breaks Eagle of embedded discriminatory employment habits. The decree also creates a process that allows an aggrieved person to present a claim for damages that can be decided on an individualized basis. It grants an equitable remedy to the putative class and others—institutional reform—and offers individual determinations of liability and injury that a class action lawsuit cannot. The commission's consent decree addresses the present and future of equal opportunity.

### 6. *Conclusion.*

All potential "class" ramifications are covered by the commission's intervention and consent decree. The need to demonstrate individual action and harm far outweighs any benefit to be gained from a mass tort action. The motion to certify a class will be denied.